**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
IN RE: Fosamax Products Liability  :
Litigation                         :     1:06-md-1789  (JFK)
                                   :     **Memorandum Opinion & Order**
------------------------------------------------------------x
*This Document Relates to*: All Actions :
                                   :
------------------------------------------------------------x

**JOHN F. KEENAN**, United States District Judge:

    Following a conference on September 11, 2007, it is hereby ordered that:

(1)   The master complaint shall not be implemented.  The implementation of a master complaint at this point in the litigation, after approximately 270 individual complaints already have been successfully filed and answered, is not necessary and would not be particularly productive.  As the Plaintiffs Steering Committee ("PSC") does not strongly advocate the use of a master complaint but only proposed it pursuant to the Court's discussion of the subject in late 2006, the PSC's request to submit the master complaint and a related implementing case management order ("CMO") is denied.

(2)   The PSC's request that Merck prepare case profile forms ("CPFs") is denied.  The Court finds no change in circumstances warranting reconsideration of its prior conclusion in CMO No. 3 that the use of a defendant CPF is unnecessary.  Merck shall

respond to individual discovery requests in good faith and in a timely manner.

(3)  The Court reserves decision on the PSC's request for an evidentiary hearing on the class certification motion.  The Court will determine whether an evidentiary hearing is necessary or whether the memoranda of law, affidavits, deposition testimony and other relevant evidence that the parties will have submitted by September 27, 2007 in connection with the class certification motion provide a sufficient factual basis for its disposition. <u>See</u> <u>In re Initial Public Offering Securities Litigation,</u> 471 F.3d 24, 41-42 (2d. Cir. 2006); <u>Marcera v. Chinlund</u>, 565 F.2d 253, 255 (2d. Cir. 1977). <u>See generally</u> 32B Am. Jur. 2d Federal Courts § 1585.

(4) The Court reserves decision on the sharing of discovery costs related to document production.  The parties shall contemporaneously submit to the Court by October 6, 2007 briefs on this issue and may address (a) the Court's authority to shift Merck's production costs to Plaintiffs (b) precedents of cost-sharing arrangements in multi-district litigations and the terms thereunder (c) the propriety of cost-sharing and its likely effect on the litigation (d) the costs associated with Merck's production of documents (e) an appropriate price per page to be paid by Plaintiffs and the propriety and amount of a cap to be

placed on Plaintiff's total payments (f) the timing and manner of payments and (g) the mechanics of individual plaintiff contributions, including the adjustment of contributions per plaintiff to account for after-filing plaintiffs. The briefs shall be limited to 25 pages and shall conform to the Court's individual practices.

SO ORDERED.
Dated:   New York, New York
         September 12, 2007

*John F. Keenan*
JOHN F. KEENAN
United States District Judge